UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARAN CHADHA and<br>STEPHANIE SPOSATO (h/w) | : | Docket No. |
| Plaintiffs,<br>v. | : | JURY TRIAL DEMANDED |
| APG MULTIMEDIA, LLC and<br>ASAF. P. GUTTMAN, | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiffs Charan Chadha and Stephanie Sposato, husband and wife, by their counsel, Saltz Matkov P.C., hereby files this Complaint against Defendants APG Multimedia and Asaf P. Guttman and in support hereof, avers as follows:

**I.     PARTIES**

1. Plaintiffs, Charan Chadha ("Chadha") and Stephanie Sposato ("Sposato"), husband and wife, are adult individuals residing at 404 Boxwood Road, Bryn Mawr, PA 19010.

2. Defendant, APG Multimedia, LLC, ("APG") is a New Jersey corporation with, upon information and belief, a principal place of business at 185 Broughton Drive, Bloomfield, NJ 07003, which at all times material hereto regularly conducted it audio-visual installation and consultation business in or about this judicial district.

3. Defendant Asaf P. Guttman ("Guttman") is an adult individual who, upon information and belief, is the owner, president and sole employee of APG and resides at 185 Broughton Drive, Bloomfield, NJ 07003.

4. At all times material hereto, Defendant APG acted by and through its employees, agents, servants, workers, and subcontractors, each of whom was acting within the course and scope of his or her authority, subject to the control and direction, and for the benefit of his or her respective principal and employer, the Defendants herein, APG and Guttman.

## II. JURISDICTION AND VENUE

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that (a) Plaintiffs are citizens of Pennsylvania; (b) Defendant APG is a citizen of New Jersey with a principal place of business in New Jersey; (c) Defendant Guttman is a citizen of New Jersey; and (d) the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Personal jurisdiction over Defendant APG is proper in this forum under 42 Pa. C.S. §5301(a)(2) because APG carries on a continuous and systematic part of its general business in this forum. Personal jurisdiction over Defendant Guttman is proper in this forum under 42 Pa. C.S. §5322 because he has transacted business in this forum, contracted to supply and/or service things in this forum and has engaged in tortious acts and injuries to Plaintiffs in this forum.

7. Venue is also proper in this district under 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this district and because this is the judicial district where a substantial part of the events or omissions giving rise to this claim occurred.

## III. FACTUAL BACKGROUND

8. During 2009, Plaintiffs were in the process of constructing a new home located in Bryn Mawr, Pennsylvania.

9. During August 2009, Plaintiffs investigated several audio-visual contractors in order to select a contractor to install audio-visual equipment and perform other related services (the "Project") in their home. At this time, Plaintiffs came into contact with Defendant Guttman.

10. The parties discussed the scope of the Project, including but not limited to: (a) the installation of an audio-visual system throughout Plaintiffs' home; (b) the installation of audio-visual equipment throughout Plaintiffs' home; (c) the installation of a security system throughout Plaintiffs' home; (d) the installation of a telephone system throughout Plaintiffs' home; (e) the installation of a wireless internet network system throughout Plaintiffs' home; (f) the electrical wiring of Plaintiffs' home to support the above-referenced systems; (g) consultation services relative to the above-referenced Project; (h) the installation of a home automation system, which would have included HVAC, security, cameras, lighting and audio-visual system; and (i) any other related audio-visual services.

11. In order to induce Plaintiffs to enter into the Contract, Defendant Guttman made several representations, including but not limited to: (a) representing that Defendants would perform the Project in a timely fashion and in a workman-like manner; (b) representing that Defendants would work with Plaintiffs other sub-contractors who were building Plaintiffs' home; (c) representing that Defendant Guttman would perform work on the Project at specified dates and/or times agreed upon by Plaintiffs; (d)

representing that Plaintiffs' could open a line of credit with Defendant APG through HSBC Bank so that Plaintiffs could purchase additional audio-visual equipment that Defendants would thereafter install in Plaintiffs' home pursuant to the Agreement; and (e) representing that Defendants would install the audio-visual equipment Plaintiffs' provided to Defendants, as referenced above.

12. After several conversations and correspondences with Defendant Guttman, Plaintiffs chose Defendants APG and Guttman to perform the Project in Plaintiffs' home.

13. After several discussions regarding the scope of the audio-visual services, the parties entered into an oral agreement (the "Agreement") whereby Defendants agreed to perform the above-referenced Project.

14. To complete the Project, Plaintiffs provided in part, but not limited to, the following equipment to Defendants Guttman and APG: (a) ten (10) pairs of Bayaudio 565 in-ceiling speakers; (b) one (1) pair of Bayaudio Phantom in-ceiling speakers; (c) one (1) pair of Bayaudio JM Wall speakers 6.5 (d) two (2) Triad platinum DSP subwoofers 18" with built in amplifier; (e) one (1) Sunfire super Jr. subwoofer; (f) one (1) KEF XQ 20 bookshelf speakers; (g) one (1) Totem Signature One Center channel; (h) one (1) Pioneer Elite 50" plasma television; (i) one (1) Samsung 55" LED LCD television; (j) one (1) Pioneer Elite blue ray DVD player; (k) one (1) Samsung blue ray DVD player; (l) one (1) Panamax 5100 surge protector; (m) four (4) AMX Modero Mio R-4 remote controls; (n) one (1) Marantz 9100 remote control; (o) one (1) Epson Pro cinema 800 projector; (p) one (1) Stewart Firehawk 82" screen; (q) one (1) Request IQ IMS audio server and IQ IMA 8 (8 zone audio amplifier); (r) one (1) AMX NI 3100 controller; (s) one (1) B &K 307 receiver; (t) one (1) NAD receiver; (u) one (1) Russound CA 6.4 whole home amp

with keypads; (v) one (1) pair of Speakercraft AIM 3 in-ceiling speakers; (w) one (1) pair of Speakercraft AIM 1 in-ceiling speakers; (x) one (1) Denon AVP-A1HDCI(A); (y) one (1) Richard Gray Power conditioner 1200; (z) one (1) Panamax/Furman 1500 Power Conditioner; (aa) one (1) AMX Modero 5200i Touchpanel; (bb) two (2) AMX Communicating Thermostat; (cc) one (1) Epson Pro-800 printer; and (dd) any other audio-visual equipment that has yet to be identified. This list is illustrative and not meant to be exhaustive or complete and may be supplemented during the course of discovery.

15. Pursuant to the Agreement, Plaintiffs paid Defendants a retainer and thereafter made periodic payments to Defendants for the work performed on the Project. In addition to the equipment Plaintiffs purchased and provided to Defendants, Plaintiffs paid Defendants approximately $38,000 for the Project.

16. In spite of Defendant Guttman's representations, Defendants (a) failed to perform work on the Project at the Plaintiffs' home at that times Defendant Guttman specified that work would be performed; (b) failed to install the audio-visual equipment provided by Plaintiffs; (c) failed to perform work on the Project in a timely fashion; (d) failed to perform work on the Project in a workman-like manner; (e) failed to work with Plaintiffs' other sub-contractors who were assisting in the construction of Plaintiffs' home; (f) failed to deliver the audio-visual equipment Plaintiffs purchased through the line of credit opened with HSBC Bank; and (g) took and converted Plaintiffs' audio-visual equipment and, despite Plaintiffs' repeated requests, has failed to return same. The value of the converted equipment is approximately $30,000.00.

17. Defendants also failed to complete the Project pursuant to the Agreement between the Parties and damaged Plaintiffs' home in the following manner, including but

not limited to: (a) improperly installing and refusing to correct home-wide electrical wiring, thus requiring Plaintiffs to find and pay other entities to repair Defendants' faulty work; (b) failing to complete the installation of the home audio equipment as agreed upon under the Contract, thus requiring Plaintiffs to find and pay other entities to complete the Project elsewhere; (c) eliminating the functionality of Plaintiffs' in-home security, telephone or wireless internet network systems, thus requiring Plaintiffs to find and pay other entities to repair these systems; and (d) such other deficiencies which will be identified through the course of discovery in this matter. Based on estimates obtained to date, it will cost Plaintiffs approximately $40,000.00 to complete the Project and/or repair any damages or deficiencies caused by Defendants.

18.     Plaintiffs requested several times that Defendants complete the Project and/or repair the deficiencies and damages and return Plaintiffs' equipment pursuant to the Parties' Agreement. Defendants failed and refused to do so.

19.     As a result of Defendants' acts and/or omissions, Plaintiffs have suffered a loss of the value of their home, the loss of approximately $30,000.00 in audio-visual equipment, the loss of approximately $38,000.00 that they paid to Defendants for work that was never performed and will be forced to spend approximately $40,000.00 to complete the Project and/or repair the damages and deficiencies caused by Defendants.

### COUNT I: BREACH OF CONTRACT
### PLAINTIFFS V. DEFENDANTS

20.     The allegations of paragraphs 1 – 19 are incorporated herein as thought set forth at length.

21.     The parties entered into an oral Agreement whereby Defendants agreed to complete the Project in Plaintiffs' home.

6

22. Defendant Guttman made several misrepresentations in an effort to fraudulently induce Plaintiffs to enter into the Agreement, including but not limited to: (a) representing that Defendants would perform work on the Project in a timely fashion and in a workman-like manner; (b) representing that Defendants would work with Plaintiffs other sub-contractors who were building Plaintiffs' home; (c) representing that Defendant Guttman would perform the work on the Project at specified days and/or times agreed upon by Plaintiffs; (d) representing that Plaintiffs' could open a line of credit with Defendant APG through HSBC Bank so that Plaintiffs could reimburse Defendant APG for any additional equipment Defendant APG purchased to perform the work on the Project; and (e) representing that Defendants would install the audio-visual equipment Plaintiffs' provided to Defendants, as referenced above.

23. Defendants breached the Agreement by (a) failing to perform work on the Project at the Plaintiffs' home at that times Defendant Guttman specified that work would be performed; (b) failing to install the audio-visual equipment provided by Plaintiffs; (c) failed to perform work on the Project in a timely fashion; (d) failing to perform work on the Project in a workman-like manner; (e) failing to work with Plaintiffs' other sub-contractors who were assisting in the construction of Plaintiffs' home; and (f) converting the audio-visual equipment Plaintiffs purchased through the line of credit opened with HSBC Bank.

24. Defendants also breached the Agreement between the parties and damaged Plaintiffs' home in the following manner, including but not limited to: (a) improperly installing and refusing to correct home-wide electrical wiring and home automation system, thus requiring Plaintiffs to find and pay other entities to repair Defendants' faulty

7

work; (b) failing to complete the installation of the home audio-visual equipment as agreed upon under the Contract, thus requiring Plaintiffs to find and pay other entities to complete the Project elsewhere; (c) eliminating the functionality of Plaintiffs' in-home security, home automation, telephone or wireless internet network systems, thus requiring Plaintiffs to find and pay other entities to repair these systems; and (d) such other deficiencies which will be identified through the course of discovery in this matter.

25. As a result of Defendants' acts and/or omissions, Plaintiffs have suffered a loss of the value of their home, the loss of approximately $30,000.00 in audio-visual equipment, the loss of approximately $38,000.00 that they paid to Defendants for work that was never performed and will be forced to spend approximately $40,000.00 to complete the Project and/or repair the damages and deficiencies caused by Defendants.

26. Plaintiffs have suffered further additional damages resulting from the diminution of the value of their home because of the actions and/or inactions of the Defendants.

27. Plaintiffs will suffer additional damages in the future due to Defendants' breach of the Agreement in failing to perform the Project in a workman-like manner and causing further damage, all of which related repairs will be necessary in order to make the home safe and usable for Plaintiffs.

28. Defendants did foresee or should have foreseen that all of the aforesaid items of damage would occur due to Defendants' failure to perform work on the Project in a workman-like manner and pursuant to the parties' Agreement.

## COUNT II: INTENTIONAL MISREPRESENTATION
## PLAINTIFFS V. DEFENDANTS

29.  The allegations of paragraphs 1 – 28 are incorporated herein as thought set forth at length.

30.  Defendant Guttman made several representations to intentionally induce Plaintiffs to allow Defendants to perform the Project in Plaintiffs' home, which Defendants knew or should have known were false, including but not limited to: (a) representing that Defendants would perform work on the Project in a timely fashion and in a workman-like manner; (b) representing that Defendants would work with Plaintiffs other sub-contractors who were building Plaintiffs' home; (c) representing that Defendant Guttman would perform the work on the Project at specified days and/or times agreed upon by Plaintiffs; (d) implicitly representing to Plaintiffs that Defendants would return, and therefore not convert, Plaintiffs' equipment; and (e) representing that Defendants would install the audio-visual equipment Plaintiffs' provided to Defendants, as referenced above.

31.  Defendant Guttman knew, or should have known the above representations to be false when they were made because he: (a) failed to perform work on the Project at the Plaintiffs' home at that times Defendant Guttman specified that work would be performed; (b) failed to install the audio-visual equipment provided by Plaintiffs; (c) failed to perform work on the Project in a timely fashion; (d) failed to perform work on the Project in a workman-like manner; (e) failed to work with Plaintiffs' other sub-contractors who were assisting in the construction of Plaintiffs' home; (f) converted the audio-visual equipment Plaintiffs purchased through the line of credit

9

opened with HSBC Bank; and (g) failed to complete the Project pursuant to the Agreement between the Parties.

32. Plaintiffs justifiably relied on these intentional misrepresentations to their detriment because they: (a) permitted Defendants to perform work on the Project in Plaintiffs' home; (b) paid Defendants approximately $38,000.00 to perform work on the Project; (c) entrusted Plaintiffs' own audio-visual equipment with Defendant Guttman so that the equipment could be installed in their home as per the Agreement; and (d) opened a line of credit with Defendants through HSBC so that they could purchase additional audio-visual equipment to be installed in their home, which Defendants ultimately converted.

### COUNT III: VIOLATION OF THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW PLAINTIFFS V. DEFENDANT GUTTMAN

33. The allegations of paragraphs 1 – 32 are incorporated herein as though set forth at length.

34. Section 2 of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa.C.S.A. §201-2(4)(xxi) provides that "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion of or misunderstanding" constitutes an "unfair or deceptive act or practice."

35. Defendant Guttman engaged in fraudulent and/or deceptive conduct which created a likelihood of confusion and/or misunderstanding by Plaintiffs regarding the work on the Project to be performed on Plaintiffs' home, including but not limited to: (a) representing that Defendants would perform work on the Project in a timely fashion and in a workman-like manner; (b) representing that Defendants would work with

Plaintiffs other sub-contractors who were building Plaintiffs' home; (c) representing that Defendant Guttman would perform the work on the Project at specified days and/or times agreed upon by Plaintiffs; (d) implicitly representing to Plaintiffs that Defendants would return, and therefore not convert, Plaintiffs' equipment; and (e) representing that Defendants would install the audio-visual equipment Plaintiffs' provided to Defendants, as referenced above.

36. Defendant Guttman intended Plaintiffs to rely on the above misrepresentations and deceptive conduct, as he: (a) made said representations; (b) performed some work on the Project; (c) obtained money from the Plaintiffs to perform the Project; and (d) was entrusted with Plaintiffs' own audio-visual equipment to install in Plaintiffs' home.

37. Plaintiffs justifiably relied on the above-referenced misrepresentations and deceptive conduct to their detriment, as they: (a) permitted Defendants to perform work on the Project in Plaintiffs' home; (b) paid Defendants approximately $38,000.00 to perform work on the Project; (c) entrusted Plaintiffs' own audio-visual equipment with Defendant Guttman so that the equipment could be installed in their home as per the Agreement; and (d) opened a line of credit with Defendants through HSBC so that they could purchase additional audio-visual equipment to be installed in their home, even though Defendants failed to properly perform work on the Project, failed to complete the Project and failed to return Plaintiffs' equipment.

38. As a result of Defendants' acts and/or omissions, Plaintiffs have suffered a loss of the value of their home, the loss of approximately $30,000.00 in audio-visual equipment, the loss of approximately $38,000.00 that they paid to Defendants for work

that was never performed and will be forced to spend approximately $40,000.00 to complete the Project and/or repair the damages and deficiencies caused by Defendants. .

## COUNT IV: CONVERSION
### PLAINTIFFS V. DEFENDANT GUTTMAN

39.     The allegations of paragraphs 1 – 38 are incorporated herein as though set forth at length.

40.     Pursuant to the Agreement, Plaintiffs provided to Defendant Guttman audio-visual equipment purchased through the HSBC Bank line of credit and/or previously owned by Plaintiffs to be installed into Plaintiffs' home by Defendants:

41.     As described in length above, Defendants failed to perform work on the Project and failed to install some of the equipment provided by Plaintiffs.

42.     Plaintiffs have made repeated requests to Defendant Guttman to return Plaintiff's equipment.

43.     Defendant Guttman, however, continues to possess the following equipment purchased and/or owned by Plaintiffs that was provided to Defendant Guttman, including but not limited to: (a) one (1) Denon AVP-A1HDCI(A); (b) three (3) AMX Mio 4 remote controls; (c) one (1) AMX NI-3100 remote control; (d) one (1) Richard Gray Power conditioner 1200; (e) one (1) Panamax/Furman 1500 Power Conditioner; (f) one (1) Pioneer Elite Blue Ray DVD player; (g) one (1) Samsung Blue Ray DVD player; (h) one (1) AMX Modero 5200i Touchpanel; (i) two (2) AMX Communicating Thermostats; (k) one (1) Epson Pro-800 printer; and (l) any other audio-visual equipment yet to be discovered. The equipment listed herein is valued at approximately $30,000.00.

44. Plaintiffs have been deprived of the use of the above-referenced audio equipment as a result of Defendant Guttman's continued possession.

**WHEREFORE**, Plaintiffs, Charan Chadha and Stephanie Sposato, respectfully request that this Honorable Court enter judgment in their favor and against Defendants APG Multimedia and Asaf P. Guttman, jointly and severally, as follows:

(a) consequential damages;

(b) compensatory damages;

(c) punitive damages;

(d) an award of pre-judgment and post-judgment interest;

(e) an award of costs and attorneys fees; and

(f) Any such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/Matthew D. Matkov

Albert M. Saltz, Esquire
Matthew D. Matkov, Esquire
Attorney I.D. Nos. 51497/93661
Saltz Matkov P.C.
1171 Lancaster Avenue
Suite 101
Berwyn, PA 19312
(484)318-7225

Attorney for Plaintiffs
Charan Chadha and Stephanie Sposato

Dated: December 30, 2010

≋JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Charan Chadha and Stephanie Sposato

## DEFENDANTS
APG Multimedia, LLC and Asaf P. Guttman

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Essex County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Saltz Matkov P.C., 1171 Lancaster Avenue, Suite 101, Berwyn, PA 19312 (484-318-7225)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sec. 1332
Brief description of cause:
Breach of contract, intentional misrepresentation, conversion

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 12/30/2010
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __404 Boxwood Road, Bryn Mawr, PA 19010__

Address of Defendant: __185 Broughton Drive, Bloomfield, NJ 07003__

Place of Accident, Incident or Transaction: __404 Boxwood Road, Bryn Mawr, PA 19010__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐ No☒

Does this case involve multidistrict litigation possibilities?  Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                    Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/30/10__   _[signature]_   __93661__
                    Attorney-at-Law    Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Charan Chadha and
Stephanie Sposato (h/w)          :          CIVIL ACTION
             v.                  :
APG Multimedia, LLC and          :
Asaf P. Guttman                  :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

| 12/30/10 | Matthew Matkov | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-315-7225 | 484-318-7248 | mmatkov@saltzmatkov.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02